UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Carl Green, Carl Green Assignee of
Rainbow House, LLC, Carl Green Assignee
of Estate of Larry Gray and Kathleen Gray,

      Plaintiffs,

v.

Attorney Thomas Carlson, The Honorable
John Hoffman, and the Chief Judge Douglas
Meslow,

      Defendants.

File No. 19-cv-1666 (ECT/SER)

**OPINION AND ORDER**

---

Carl Green, pro se.

Jeffrey R. Peters and Michael A. Klutho, Bassford Remele, Minneapolis, MN for Defendant Thomas Carlson.

Kathryn Iverson Landrum, Minnesota Attorney General's Office, St. Paul, MN for Defendants Judge John Hoffman and Chief Judge Douglas Meslow.

---

      This case is pro se Plaintiff Carl Green's response to separate Minnesota state-court litigation that has thus far not gone as Green would like.  In this case, Green has sued a Minnesota attorney, Thomas Carlson, who represented a party or parties adverse to Green in the state-court litigation, and two judges in Minnesota's Tenth Judicial District, Chief Judge Douglas B. Meslow and Judge John C. Hoffman, who issued orders in that litigation. Green asserts several federally created claims here, and Defendants have filed motions that, if granted, would result in the dismissal of this case.  Defendants' motions will be granted. Green's claims are not viable under the law.

Before turning to a description of Green's claims, it is necessary first to clear procedural underbrush: the most recent "second amended" version of Green's complaint [ECF No. 27] is improper and must be stricken. A plaintiff may amend his complaint once as a matter of course within 21 days after serving it or, if it is one to which a responsive pleading is required, then within 21 days after being served with a motion under rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Here, Green filed his initial complaint on June 25, 2019. Compl. [ECF No. 1]. On July 9, 2019, fewer than 21 days after filing and serving the complaint, Green filed and served an amended complaint. Am. Compl. [ECF No. 6]. On August 7, 2019, Green filed a second amended complaint. Second Am. Compl. [ECF No. 27]. Under the plain text of Rule 15, Green was required to obtain Defendants' written consent or leave of court before filing his second amended complaint, but he did not do that. For this reason, Defendant Carlson has moved to strike Green's second amended complaint, and that motion must be granted. A party may move to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f)(2). Although Rule 12(f) seems to contemplate striking only portions of a pleading, rather than a pleading in its entirety, courts in this district have granted motions to strike entire pleadings pursuant to Rule 12(f). *See*, *e.g.*, *Cahoon v. L.B. White Co., Inc.*, No. 19-cv-0155 (WMW/ECW), 2019 WL 3719413, at *3 (D. Minn. Aug. 7, 2019); *Kennedy v. Mallinckrodt, Inc.*, No. 19-cv-2266 (PAM/JSM), 2008 WL 11349802, at *1 (D. Minn. June 13, 2008). This means that Green's July 9 amended complaint is the operative complaint.

In his amended complaint, Green asserts claims against Defendants as follows: against Carlson alone, Green asserts a claim for accounting and for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; against Chief Judge Meslow and Judge Hoffman, Green asserts a claim of deprivation of civil rights under color of law in violation of 18 U.S.C. § 242; against all defendants, Green asserts a claim of conspiracy against civil rights in violation of 18 U.S.C. § 241, and he seeks preliminary injunctive relief under 18 U.S.C. § 242. The facts supporting these claims are not easy to follow, though Green's claims all seem to stem essentially from a foreclosure action filed by Chamberlain Homeowners Association against the owner of a home, Rainbow House, LLC, and the second mortgage holder, PNC National Bank. *See* Carlson Mem. in Supp. at 2 [ECF No. 10]; Judicial Defs. Mem. in Supp. at 1–2 [ECF No. 19]; Affidavit of Kathryn Iverson Landrum ("Landrum Aff.") Ex. A [ECF No. 20-1 at 1]; Declaration of Jeffrey R. Peters ("Peters Decl.") Ex. D [ECF No. 11-1 at 9]. In that case, Chamberlain Homeowners Association obtained a judgment against Rainbow House. *See* Carlson Mem. in Supp. at 2; Peters Decl. Ex. D at 1. It appears that case is still ongoing and has been appealed to the Minnesota Court of Appeals. *See* Not. of State Court Filings [ECF No. 73].

*Green's FDCPA claim against Carlson.* The overwhelming majority of the amended complaint relates to Green's FDCPA claim against Carlson. *See* Am. Compl. ¶¶ 7–34. Green alleges that Carlson arbitrarily billed Green more than $10,000 in attorney's fees in relation to a judgment of $1,500 or less in the above-mentioned foreclosure action. *Id.* ¶ 8(d) (alleging judgment of $1,500); *see also* Peters Decl. Ex. C at 7 (entering money judgment of $1,326.00). Green alleges that, when Carlson tried to collect the attorney's

3

fees and/or the judgment, Carlson violated the FDCPA by engaging in harassing, oppressive, or abusive conduct. Am. Compl. ¶¶ 9–10. Green alleges that Carlson represented that Carlson had the legal right to collect "the unreasonable sums in attorney fees sought in the amount of more than $10,000 and court cost." *Id.* ¶ 11. Green says that Carlson "does not in fact have the legal right to collect the unreasonable sums . . . because no sum is owed by Plaintiff Carl Green to Chamberlain Homeowners Association and the judgment was satisfied by plaintiff Carl Green." *Id.* ¶¶ 11–12. By "falsely representing that there exists a proper and legally valid agreement between Carl Green and Chamberlain Homeowners Association and a right of recovery due to Plaintiff Carl Green thereon, and by filing a lawsuit to vacate a satisfied judgment by default . . . Carlson has violated the FDCPA[.]" *Id.* ¶ 13. Green further alleges Carlson "has communicated credit information to persons, including but not limited to credit reporting bureau[s] or agencies, with respect to Plaintiff and foreclosed, which it knew or should have known to be false[.]" *Id.* ¶ 29. These communications with credit bureaus or agencies included "alleg[ations] Plaintiff owed the purported debt which was subject of state action and foreclosure and Chamberlain Homeowner's is the original creditor." *Id.* ¶ 29. Green asserts that these communications were material, false, and misleading. *Id.* ¶ 31. Therefore, Green alleges that these communications violated the FDCPA. *Id.* ¶¶ 31–32.

*Green's claim for deprivation of civil rights in violation of 18 U.S.C. § 242 against Chief Judge Meslow and Judge Hoffman.* Green's claim for deprivation of civil rights under 18 U.S.C. § 242 challenges Chief Judge Meslow and Judge Hoffman's refusal to "remove themselves from hearing a Rule 60 Motion from [sic] relief from a judgment

4

denying Plaintiff's rights to due process of law." *Id.* ¶ 39. Green's reference to "Rule 60" seems best understood either as one brought as a motion for relief from a judgment or order under Rule 60 or as a notice to remove a judge or judicial officer under Rule 63.03 of the Minnesota Rules of Civil Procedure. Green says he requested that Judge Hoffman recuse himself from hearing that Rule 60 motion, and Judge Hoffman denied that request. *Id.* Although not explicitly alleged, Green appears to allege that he appealed that denial to Chief Judge Meslow, who denied Green's appeal. *See id*; *see also* Judicial Def. Mem. in Supp. at 2; Landrum Aff. Exs. G–J. Green further alleges that "[t]he above Judge has in the past, deliberately violated other litigants' personal liberties and/or wantonly refused to provide due process and equal protection to all litigants before the Court or has behaved in a matter [sic] inconsistent with that which is needed for full and fair impartial hearings." Am. Compl. ¶ 42.

*Green's civil-rights conspiracy claim under 18 U.S.C. § 241 against all Defendants.* In support of his claim that Defendants conspired to deprive him of civil rights, Green asserts that:

> [t]wo or more attorneys have conspired to injure, oppress, threaten or intimidate Carl Green and Carl Green assignee of Rainbow House, LLC and Carl Green Assignee of the Estate of Larry and Kathleen Gray from the free exercise of a Rule 60 motion from relief from a judgment by due process of law and equal protection of the law in the pursuit of liberty and property interest, a right or privilege secured to Plaintiff by the Constitution or laws of the United States, or because of him having exercised the same.

*Id.* ¶ 37. Essentially, Green seems to assert that defendants conspired to deny Green's Rule 60 motion for relief from a judgment.

5

*Green's request for an injunction.* Green "seeks preliminary injunctive relief on the summary eviction action until his claims can be heard under the color of law for the deprivation of his civil rights." *Id.* ¶ 50. The amended complaint asserts no facts relating to any summary eviction action, but it appears from the motions to dismiss that an eviction action was filed against Green in June 2019. Peters Decl. Ex. E at 1; Landrum Aff. Ex. L at 1. It seems that the case has been completed and that a judgment of eviction for a holdover after foreclosure was issued. Carlson Mem. in Supp. at 2; Peters Decl. Ex. E at 1.[1]

In support of their dismissal motions, Defendants argue first that the Court should decline to adjudicate and dismiss this case under either the *Rooker-Feldman* or *Younger* abstention doctrine. Failing that, Defendants argue that Green's claims should be dismissed under Rule 12(b)(6). Neither abstention doctrine applies.

The *Rooker-Feldman* doctrine precludes "lower federal courts . . . from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006) (per curiam) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923)); *see also Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983).

---

[1] The amended complaint contains no allegations describing who Larry and Kathleen Gray are, and it suggests nothing regarding the relevance of the Grays' estate to this case. Without these basic allegations, it cannot be determined that the Grays' estate has suffered an injury in fact, or that Green has standing as assignee to pursue claims on the estate's behalf. The only claim referencing the Grays' estate is for conspiracy against civil rights in violation of 18 U.S.C. § 241. Am. Compl. ¶ 37. There, Green alleges that Defendants conspired to deny a Rule 60 motion for relief, *id.*, but as far as the record in this case shows, the Grays' estate was not a party to any case in which a Rule 60 motion was denied. *See generally* Am. Compl.; *see also* Judicial Def. Mot. to Dismiss at 1–2; Carlson Mot. to Dismiss at 2.

"*Rooker-Feldman* . . . is a narrow doctrine, confined to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Lance*, 546 U.S. at 464 (internal quotation omitted). As far as the record shows here, the underlying foreclosure action giving rise to Green's claims remains pending. *See* ECF No. 73. Because that case is on appeal, it is not final for purposes of the *Rooker-Feldman* doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005) ("*Rooker* and *Feldman* exhibit the limited circumstances in which [the doctrine applies] . . . . In both cases, the losing party in state court filed suit in federal court *after the state proceedings ended*." (emphasis added)); *Yamaha Motor Corp., USA v. Stroud*, 179 F.3d 598, 602 (8th Cir. 1999) ("[T]he pending appeal in state court . . . is an ongoing state judicial proceeding.").

The *Younger* abstention doctrine directs federal district courts to "abstain from hearing cases when (1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996). However, "[a]bstention is not in order simply because a pending state-court proceeding involves the same subject matter." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013). Rather, "circumstances fitting within the *Younger* doctrine . . . are 'exceptional,'" and "federal courts ordinarily should entertain and resolve on the merits an action within the scope of a jurisdictional grant[.]" *Id.* at 73 (citing *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350 (1989) ("*NOPSI*") (noting federal suits

7

challenging state civil contempt orders and state requirements for the posting of bond pending appeal are circumstances in which federal courts should abstain from exercising jurisdiction)). This case does not seem to be one of the exceptional few that fit within the *Younger* abstention doctrine. *See NOPSI*, 491 U.S. at 367–68. In support of *Younger* abstention, Defendants argue only that "states have a significant interest in protecting 'the authority of the [state] judicial system, so that its orders and judgments are not rendered nugatory.'" *See* Judicial Defs. Mem. in Supp. at 6 (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 n.12 (1987)). This is no doubt true. But finding *Younger* abstention appropriate here based on this argument would ignore the Supreme Court's recent admonition that "circumstances fitting within the *Younger* doctrine . . . are 'exceptional.'" *Sprint Commc'ns, Inc.*, 571 U.S. at 72. To accept this justification would render meaningless the requirement that an important state interest be implicated, *see Fuller*, 76 F.3d at 959, because a state's interest in protecting the authority of the state's own judicial system is ever-present. If that state interest satisfies *Fuller*'s second prong, then nearly every case brought in federal court while a state judicial proceeding is ongoing would demand *Younger* abstention. That conclusion does not align with the Supreme Court's directive that "federal courts ordinarily should entertain and resolve on the merits an action within the scope of a jurisdictional grant[.]" *Sprint Commc'ns, Inc.*, 571 U.S. at 72. Accordingly, *Younger* abstention would be inappropriate in this case, and Green's claims will be "entertain[ed] and resolve[d] on the merits[.]" *Id.*

Defendants' Rule 12(b)(6) motions must be considered with the governing standards front of mind. The amended complaint's factual allegations and reasonable

inferences from those allegations must be accepted as true.  *Gorog v. Best Buy Co.*, 760 F.3d 787, 792 (8th Cir. 2014).  The amended complaint must "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Though it need not contain detailed factual allegations, the amended complaint must contain facts that "raise a right to relief above the speculative level."  *Id.* at 555.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not suffice to withstand a Rule 12(b)(6) motion.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

Green's FDCPA claim, *see* Am. Compl. ¶¶ 13–15, 21–34, is not plausible.  Green alleges that Carlson violated 15 U.S.C. §§ 1692d, e, f, g, and k.  *Id.*  To state a claim for relief under any of these sections, a plaintiff must allege that there is a debt, or at least that the debt collector claims there is.  A debt, as defined by the FDCPA, is "any obligation or alleged obligation of a *consumer* to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes[.]"  15 U.S.C. § 1692a(5) (emphasis added).  A consumer is "any natural person obligated or allegedly obligated to pay any debt."  *Id.* § 1692(a)(3).  Here, the asserted debt is attorney's fees.  Am. Compl. ¶¶ 8(b), 11.  These attorney's fees arose from a dispute between Chamberlain Homeowners Association and Rainbow House, LLC.  Am. Compl. ¶ 15.  Chamberlain Homeowners Association prevailed, and Rainbow House was ordered to pay a money judgment and/or attorney's fees.  *See* Am. Compl. ¶ 8; Carlson Mem. in Supp. at 1–2.  This judgment is owed by Rainbow House.  Peters Decl. Exs. C–D.  Because Rainbow House is not a natural

person, Rainbow House is not a consumer for the purposes of the FDCPA. If the amended complaint might reasonably be understood to allege that Carlson attempted to collect attorneys' fees owed by Green individually, Green alleges no facts suggesting that the obligation arose "out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692(a)(5); *see also Beal v. Himmel & Bernstein, LLP*, 615 F. Supp. 2d 214, 216–217 (S.D.N.Y 2009) (noting that because court-ordered attorneys' fees did not arise out of a consumer transaction, those attorneys' fees were not debts for FDCPA purposes).

Green's claim against Chief Judge Meslow and Judge Hoffman for deprivation of civil rights pursuant to 18 U.S.C. § 242 also is implausible. Section 242 provides no private right of action. *See*, *e.g.*, *Davis v. Norwood*, 614 Fed. App'x 602, 605 (3d Cir. 2015) (per curiam) ("The Magistrate Judge correctly concluded that 18 U.S.C. § 242 . . . does not provide a private right of action."); *Houck v. Gurich*, 515 Fed. App'x 724, 724 (10th Cir. 2013) (per curiam) ("The district court dismissed Houck's complaint for failure to state a claim because 18 U.S.C. § 242 provides no private right of action. The district court is correct."); *Moore v. Potter*, 47 Fed. App'x 318, 320 (6th Cir. 2002) ("Moore has no private right of action pursuant to 18 U.S.C. § 242, a criminal statute."). Even if § 242 provided a right of action, judicial immunity would bar this claim. Judicial immunity is an "immunity from suit, not just from ultimate assessment of damages," and applies to immunize judges from suit over actions "taken in the judge's judicial capacity." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "[J]udicial immunity is not overcome by allegations of bad faith or malice,"

10

*id.*, "applies even when the judge is accused of acting maliciously and corruptly," *Pierson v. Ray*, 386 U.S. 547, 554 (1967), and will not yield even to claims of conspiracy, *Moses v. Parwatikar*, 813 F.2d 891, 893 (8th Cir. 1987). Green asserts that Chief Judge Meslow and Judge Hoffman "abused or misused their official power or authority by refusing to remove themselves from hearing a Rule 60 Motion from relief from a judgment[.]" Am. Compl. ¶ 39. The denial of a motion in a judicial proceeding is a quintessential example of an action taken in a judge's judicial capacity.

Green's conspiracy claim against all Defendants under 18 U.S.C. § 241 is not plausible for essentially these same reasons. "[I]t is well-settled that 18 U.S.C. § 241 does not provide for a private cause of action." *Horde v. Elliot*, No. 17-cv-800 (WMW/SER), 2018 WL 987683 at *13 (D. Minn. Jan. 9, 2018) (citing *Storm-Eggink v. Gottfried*, 409 Fed. App'x 426, 427 (2nd Cir. 2011); *United States v. Wadena*, 152 F.3d 831, 845 (8th Cir. 1998); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam)). With this claim, as with his claim under 18 U.S.C. § 242, Green identifies only actions taken in Chief Judge Meslow and Judge Hoffman's official capacities, so even if Green could assert a claim under § 241, judicial immunity would apply. Further, the amended complaint does no more than identify the elements of a conspiracy against rights in the abstract. Am. Compl. ¶ 37.[2]

Green has filed a motion for leave to amend his amended complaint. [ECF No. 51]. Such motions should be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2).

---

[2] Green seeks two types of equitable relief, an accounting and a preliminary injunction, but his ability to seek these forms of relief depends on whether he has pleaded a plausible claim. Green's failure to plead a plausible claim prevents him from pursuing these equitable (and any other) remedies.

However, "[f]utility is a valid basis for denying leave to amend." *U.S. ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 822 (8th Cir. 2009). An amendment is futile when the amended pleading could not withstand a motion to dismiss under Rule 12(b)(6). *Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 719 (8th Cir. 2014). Green's motion to amend will be denied on this basis.

Green's proposed second amended FDCPA claim suffers from the same fundamental defects as the FDCPA claim in his amended complaint. Indeed, in support of his proposed amended complaint, Green alleges that "the state Court adjudication was solely against Rainbow House, LLC." Mot. to Amend at 9. Accepting that assertion means the state-court judgment and award of attorneys' fees was issued against Rainbow House, and Green will be unable to state FDCPA claims for the reasons stated above.

Green's motion to amend also proposed replacing his conspiracy and deprivation of civil rights claims with similar claims under 42 U.S.C. §§ 1983 and 1985. As to defendant Carlson, the proposed second amended complaint alleges no facts to plausibly allege Carlson conspired to deprive Green of his civil rights under color of law. As to Chief Judge Meslow and Judge Hoffman, Green persists in alleging that the proposed amended claims relate to the denial of a Rule 60 motion—an action taken in the judges' judicial role. Mot. to Amend at 21. The proposed second amended complaint also would add a state-law claim for malice or willful intent to injure in an effort to seek punitive damages under Minn. Stat. § 549.20. Mot. to Amend at 22–25. This statute does not provide a cause of action, but rather is a procedural statute permitting plaintiffs to seek punitive damages in certain circumstances. *See id.* § 549.20 subd. 1 ("Punitive damages shall be allowed in civil

actions only upon clear and convincing evidence that the acts of the defendant show deliberate disregard for the rights or safety of others.").

\*

It is not often that the law permits a person to sue in federal court to obtain relief from the consequences or outcome of civil litigation in state court, and this case is no exception.

**ORDER**

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Defendant Carlson's motion to strike pleading [ECF No. 37] is **GRANTED** and Plaintiff's second amended complaint [ECF No. 27] is **STRICKEN**;

2. Defendant Carlson's motion to dismiss [ECF No. 8] and Defendants Chief Judge Meslow and Judge Hoffman's motion to dismiss [ECF No. 16] are **GRANTED**;

3. Plaintiff's motion to amend [ECF No. 51] is **DENIED**;

4. Plaintiff's amended complaint [ECF No. 6] is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated: October 22, 2019          s/ Eric C. Tostrud
                                 Eric C. Tostrud
                                 United States District Court